IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MARK ELLIS, individually and on behalf of all others similarly situated, | ) ) ) | |
| *Plaintiff*, | ) ) ) | |
| v. | ) ) | Case No. 1:14-cv-00484-TWT |
| THE CARTOON NETWORK, INC., a Delaware corporation, | ) ) ) ) | |
| *Defendant.* | ) ) | |

# JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

**1.     Description of Case:**

   **(a)     Describe briefly the nature of this action.**

   This is a putative nationwide class action alleging violations of the Video Privacy Protection Act, 18 U.S.C. § 2710 ("VPPA").

   **(b)     Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

   Plaintiff alleges that Defendant knowingly disclosed his and the putative Class's personally identifiable video viewing history, in violation of the VPPA. Defendant disputes the allegations in their entirety.

   **(c)     The legal issues to be tried are as follows:**

Whether Defendant's information disclosures violated the VPPA, and whether class certification under Rule 23(b)(3) is appropriate in this case.

**(d)  The cases listed below (include both style and action number) are:**

**(1)  Pending Related Cases**:

Plaintiff asserts that there are no pending related cases. Defendant notes that attorneys representing plaintiff in this matter also filed in United States District Court for the Northern District of Illinois an action alleging violations of the VPPA based on the alleged transmission of device identifiers to Bango against Cable News Network, Inc., and CNN Interactive Group, Inc. (collectively "CNN").  CNN and Cartoon Network are both subsidiaries of Turner Broadcasting System, Inc., which is located in Atlanta.  CNN has moved to transfer that action to this district pursuant to 28 U.S.C. § 1404(a).

**(2)  Previously Adjudicated Related Cases:**

N/A.

**2.  This case is complex because it possesses one (1) or more of the features listed below (please check):**

```
_____ (1) Unusually large number of parties
_____ (2) Unusually large number of claims or defenses
_____ (3) Factual issues are exceptionally complex
_____ (4) Greater than normal volume of evidence
__x__ (5) Extended discovery period is needed
_____ (6) Problems locating or preserving evidence
_____ (7) Pending parallel investigations or action by government
```

      __x__ **(8) Multiple use of experts**
      __x__ **(9) Need for discovery outside United States boundaries**
      __x__ **(10) Existence of highly technical issues and proof**
      _____ **(11) Unusually complex discovery of electronically stored information**

**3.**     **Counsel:**

**The following individually-named attorneys are hereby designated as lead counsel for the parties:**

    **Plaintiff**:

Rafey S. Balabanian (Admitted *pro hac vice*)
rbalabanian@edelson.com
Benjamin R. Richman (Admitted *pro hac vice*)
brichman@edelson.com
J. Dominick Larry (Admitted *pro hac vice*)
nlarry@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, IL 60654
Tel: 312.589.6370
Fax: 312.589.6378

Jennifer Auer Jordan
Georgia Bar No. 027857
jennifer@thejordanfirm.com
THE JORDAN FIRM, LLC
1447 Peachtree Street, N.E., Suite 800
Atlanta, GA 30309
Tel: 404.445.8400
Fax: 404.445.8477

    **Defendant:**

James A. Lamberth
Georgia Bar No. 431851

james.lamberth@troutmansanders.com
TROUTMAN SANDERS LLP
600 Peach Tree Street, N.E., Suite 5200
Atlanta, Georgia 30308
(404) 885-3362 (telephone)
(404) 962-6611 (facsimile)

Marc Zwillinger (admitted pro hac vice)
marc@zwillgen.com
Jeffrey Landis (admitted pro hac vice)
jeff@zwillgen.com
ZWILLGEN PLLC
1900 M. Street NW, Suite 250
Washington, DC 20036
(202) 706-5205 (telephone)
(202) 706-5298 (facsimile)

**4.    Jurisdiction:**

**Is there any question regarding this court's jurisdiction?**

__x_ **Yes**     ____**No**

Defendant does not believe that the Court has subject matter jurisdiction over this action because plaintiff has failed to adequately allege that he has standing. As described in more detail in Cartoon Network's Motion to Dismiss the Amended Complaint, to have standing under Article III of the U.S. Constitution a plaintiff must allege (among other things), an actual, concrete, injury. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). To satisfy this requirement, a plaintiff must present specific, concrete facts showing that the challenged conduct will result in a demonstrable, particularized injury to the plaintiff. *Bochese v.*

*Town of Ponce Inlet*, 405 F.3d 964, 984 (11th Cir. 2005). This requirement "is a hard floor . . . that cannot be removed by statute." *Summers v. Earth Island Inst.*, 555 U.S. 488, 497 (2009).

Here, Plaintiff does not allege—let alone provide any facts showing—that Cartoon Network's purported disclosure of his Android ID to Bango identified him in any manner. Plaintiff does not allege that Cartoon Network disclosed his real name or any other information identifying him as a person to Bango (or even that Cartoon Network possessed such information in the first place). Likewise, Plaintiff does not allege that Bango in-fact used the 64-digit Android ID number the App allegedly transmitted to Bango to identify him or anyone else in the putative class. Nor does plaintiff's mere allegation of a VPPA violation create standing. *See Sterk v. Best Buy Stores, L.P.*, No. 11-C-1894, 2012 WL 5197901, *5 (N.D. Ill. Oct. 17, 2012) (Rejecting plaintiffs argument that that a violation of the VPPA is sufficient to confer standing because "while Congress is permitted to expand standing to the extent permitted under Article III, Congress cannot abrogate the basic standing requirement that an individual suffer an actual redressable injury-in-fact."); *Palm Beach Golf Ctr.-Boca, Inc. v. Sarris*, 12-80178-CIV, 2013 WL 5972173, *12 (S.D. Fla. Oct. 22, 2013) ("Congress can enact a statute . . . that puts into place a 'bounty'—a reward—for a plaintiff who assists in

enforcing federal laws. However, there still must be an injury for the plaintiff to recover under the statute.").

Because standing "is jurisdictional . . . [and] has the same effect as dismissal for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1)." *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc*., 524 F.3d 1229, 1232 (11th Cir. 2008), plaintiff's failure to adequately allege standing means that this Court lacks jurisdiction over this matter.

As will be explained more thoroughly in response to Defendant's motion to dismiss, Plaintiff asserts that this Court has jurisdiction over this matter, and that a justiciable case or controversy exists because Defendant's conduct invaded his legal right to privacy and thereby constitutes an actionable injury-in-fact sufficient to confer standing to sue.

**5.  Parties to This Action:**

**(a)  The following persons are necessary parties who have not been joined:**

At this time, plaintiff and defendant are not aware of any necessary parties who have not been joined. To the extent this changes, plaintiff and defendant will inform the court of any contentions regarding unnamed parties necessary to this action, any contentions regarding misjoinder of parties, and any errors in the statement of a party's name.

(b) **The following persons are improperly joined as parties:**

At this time, plaintiff and defendant are not aware of any persons that are improperly joined as parties.

(c) **The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

At this time, plaintiff and defendant are not aware of any parties that are inaccurately stated or have necessary portions of their names omitted.

(d) **The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6.  Amendments to the Pleadings:**

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15.  Further instructions regarding amendments are contained in LR 15.**

(a) **List separately any amendments to the pleadings which the parties anticipate will be necessary:**

Plaintiff anticipates that further amendments to the Complaint may be necessary based on information obtained through discovery.  Defendant reserves the right to contest the propriety of any attempt to amend the complaint and sufficiency of any amended complaint filed by Plaintiff.

(b) **Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or**

**should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

**7. Filing Times For Motions:**

**All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.**

**All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).**

**(a)** *Motions to Compel:* **before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.**

**(b)** *Summary Judgment Motions:* **within thirty (30) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.**

**(c)** *Other Limited Motions:* **Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.**

**(d)** *Motions Objecting to Expert Testimony:* **<u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.**

**8. Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. Note: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).**

The parties have agreed that they will exchange initial disclosures in accordance with Fed.R.Civ.P. 26 20 days after Cartoon Network appears by answer (to the extent that Cartoon Network's Motion to Dismiss the Amended Complaint is not granted).

**9.    Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

At this time, neither plaintiff nor defendant requests a scheduling conference with the Court.

**10.    Discovery Period:**

**The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

The parties believe that this matter should be assigned an eight (8) month discovery period to begin thirty (30) days after Cartoon Network appears by answer (to the extent that Cartoon Network's Motion to Dismiss the Amended Complaint is not granted) pursuant to LR 26.2(A). As noted below, however, the parties believe that it is possible that they may need additional time depending on the nature and scope of discovery sought. Among the potential categories of

discovery that plaintiff anticipates seeking are Defendant's disclosure of Plaintiff's and the Class members' information to third parties, those third parties' use of that information, the nature of the relationships between Defendant and any third parties, as well as the uniform nature of Defendant's conduct. Among the potential categories of discovery that defendant anticipates seeking is discovery related to Bango's performance under its contract and plaintiff's downloading and use of the Cartoon Network Mobile web application.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

Whether and to what extent the parties require additional time beyond that allowed by the assigned discovery track will depend on both the volume of discovery sought and the manner in which discovery proceeds, both of which the parties will have a better sense of after the commencement of discovery. The parties are aware now, however, that third-party Bango is located in the United Kingdom which could make discovery of Bango more difficult and time consuming. The parties respectfully suggest, therefore, that they report back to the Court promptly if they believe that additional time beyond that allowed by the assigned discovery track is needed.

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

**(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

The parties are not aware at this point of any changes that should be made on the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, other than that the parties anticipate submitting a proposed Protective Order to govern the production of documents and information during discovery when it commences.

**(b) Is any party seeking discovery of electronically stored information?**

   __x__ **Yes**             _____ **No**

If "yes,"

> **(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

The parties have conferred and agree that given Cartoon Network's pending Motion to Dismiss the Amended Complaint, and the fact that pursuant to LR 26.2 discovery commences thirty (30) days after Cartoon Network appears by answer, a discussion of the sources and scope of the production of electronically stored information (and any limits thereto) would be premature. The parties respectfully

suggest, therefore, that they discuss these topics shortly prior to commencement of discovery and to the extent that they are not able to reach agreement on these topics bring it to the Court's attention.

> **(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

The parties have conferred and agree that given Cartoon Network's pending Motion to Dismiss the Amended Complaint, and the fact that pursuant to LR 26.2 discovery commences thirty (30) days after Cartoon Network appears by answer, a discussion of the format for the production of electronically stored information would be premature. The parties respectfully suggest, therefore, that they discuss this topic shortly prior to commencement of discovery and to the extent that they are not able to reach agreement on this topic bring it to the Court's attention.

**In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.**

**12. Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

The parties are not aware at this time of any orders that the Court should enter under Rule 26(c) or under Rule 16(b) and (c).

**13. Settlement Potential:**

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on June 3, 2014, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

**For plaintiff: Lead counsel (signature):** /s/ J. Dominick Larry

    **Other participants**: N/A

**For defendant: Lead counsel (signature):** /s/ Jeffrey Landis

    **Other participants**: N/A

**(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

    (_____) **A possibility of settlement before discovery**.
    (___x___) **A possibility of settlement after discovery.**
    (_____) **A possibility of settlement, but a conference with the judge is needed.**
    (_____) **No possibility of settlement.**

(c) **Counsel_may_hold additional settlement conferences among themselves prior to the close of discovery.**

(d) **The following specific problems have created a hindrance to settlement of this case.**

N/A

**14. Trial by Magistrate Judge:**

**Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

**(a) The parties (\_\_\_\_\_) do consent to having this case tried before a magistrate judge of this court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 20\_\_.**

**(b) The parties  x  do not consent to having this case tried before a magistrate judge of this court.**

Respectfully submitted, this 18th day of June, 2014.

/s/J. Dominick Larry
Rafey S. Balabanian (*pro hac vice*)
rbalabanian@edelson.com
Benjamin H. Richman (*pro hac vice*)
brichman@edelson.com
J. Dominick Larry (*pro hac vice*)
nlarry@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, IL 60654
Tel: 312.589.6370
Fax: 312.589.6378

Jennifer Auer Jordan
Georgia Bar No. 027857
jennifer@thejordanfirm.com
THE JORDAN FIRM, LLC
1447 Peachtree Street, N.E., Suite 880
Atlanta, GA 30309
Tel: 404.445.8400
Fax: 404.445.8477

*Attorneys for Plaintiff Mark Ellis and the Putative Class*

/s/ James A. Lamberth
James A. Lamberth
Georgia Bar No. 431851
james.lamberth@troutmansanders.com
Alan W. Bakowski
Georgia Bar No. 373002
alan.bakowski@troutmansanders.com
TROUTMAN SANDERS LLP
600 Peachtree Street, N.E., Suite 5200
Atlanta, Georgia 30308-2256
Tel: 404.885.3000
Fax: 404.962.3900

Marc J. Zwillinger (*pro hac vice*)
marc@zwillgen.com
Jonathan S. Frankel (*pro hac vice*)
jon@zwillgen.com
Jeffrey G. Landis (*pro hac vice*)
jeff@zwillgen.com
Tel: 202.296.3585

*Attorneys for Defendant Cartoon Network, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARK ELLIS, individually and on behalf of all others similarly situated, *Plaintiff*, v. THE CARTOON NETWORK, INC., a Delaware corporation, *Defendant*. | Case No. 1:14-cv-00484-TWT |

## [PROPOSED] SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

In the event that Defendant's Motion to Dismiss the Amended Complaint is not granted, the parties shall exchange initial disclosures in accordance with Fed.R.Civ.P. 26(a) within 20 days after Defendant The Cartoon Network, Inc. appears by answer.

In the event that Defendant's Motion to Dismiss the Amended Complaint is not granted, this matter shall be assigned an eight (8) month discovery period to begin thirty (30) days after Defendant The Cartoon Network, Inc. appears by answer.

IT IS SO ORDERED, this ___ day of _____, 2014.

_____
UNITED STATES DISTRICT JUDGE

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 18, 2014, I electronically filed the above and foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ James A. Lamberth