IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARK ELLIS
individually and on behalf of all others
similarly situated,

    Plaintiff,

      v.

THE CARTOON NETWORK, INC.
a Delaware corporation,

    Defendant.

CIVIL ACTION FILE
NO. 1:14-CV-484-TWT

## OPINION AND ORDER

This case arises under the Video Privacy Protection Act ("VPPA"). It is before the Court on the Defendant's Motions to Dismiss [Docs. 20, 26]. For the reasons stated below, the Defendant's Motion to Dismiss Plaintiff's Class Action Complaint [Doc. 20] is DENIED as moot. The Defendant's Motion to Dismiss Plaintiff's Amended Class Action Complaint [Doc. 26] is GRANTED.

### I. Background

The Defendant The Cartoon Network, Inc., is a Delaware corporation, with its principal place of business in Atlanta, Georgia.[1] It produces mostly animated

---

[1]    Amended Class Action Compl. ¶ 6.

T:\ORDERS\14\Ellis\mtdtwt.wpd

television programs.[2] It also offers video content to consumers through its mobile software application, the Cartoon Network App (the "CN App").[3] The CN App runs on mobile devices, including smartphones with Android operating systems.[4] To use the CN App, users must visit the Google Play Store, download the CN App, and then install it.[5]

The Plaintiff Mark Ellis is a North Carolina citizen.[6] In early 2013, Ellis downloaded the CN App and began using it to watch video clips on his Android device.[7] Ellis never consented to have any information released to third parties.[8] Non-party Bango is a data analytics company based in the United Kingdom.[9] Bango specializes in tracking individual user behaviors across websites and mobile applications.[10]

---

[2]    Id. ¶ 1.

[3]    Id.

[4]    Id.

[5]    Id. ¶ 10.

[6]    Id. ¶ 5.

[7]    Id. ¶ 32.

[8]    Id. ¶ 33.

[9]    Id. ¶ 12 n.3.

[10]    Id.

Each time a consumer, like the Plaintiff, accesses the CN App, a complete record of the user's video history, along with the user's Android ID, is transmitted to Bango.[11] Bango additionally collects a wide variety of information about consumers from other sources.[12] Once Bango received the Android IDs through the CN App, it was able to reverse engineer the consumers' identities using the information previously collected from other sources.[13] The Plaintiff now brings this putative class action on behalf of himself and others whose Android IDs were disclosed to Bango.[14] He alleges that the Android IDs constitute personally identifiable information under the VPPA. He alleges that disclosure of his Android ID was a violation of that statute entitling him and the putative class to an injunction and monetary compensation.

## II. Legal Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief.[15] A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that

---

[11]    Id. ¶¶ 12, 35.

[12]    Id. ¶ 24.

[13]    Id. ¶ 25.

[14]    Id. ¶ 36.

[15]    Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); FED. R. CIV. P. 12(b)(6).

a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely."[16] In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff.[17] Generally, notice pleading is all that is required for a valid complaint.[18] Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.[19]

### III. Discussion

### A. Standing

The Defendant asserts that the Plaintiff has not suffered an injury in fact and therefore lacks standing to sue. Standing is the threshold question in every federal case.[20] It requires the plaintiff to show an injury, that the injury was caused by the

---

[16]     Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007).

[17]     See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry & Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination").

[18]     See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986).

[19]     See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 550 U.S. at 555).

[20]     Warth v. Seldin, 422 U.S. 490, 498 (1975).

defendant's conduct, and that a favorable decision from the court will be likely to redress the injury.[21] Here, the Defendant has challenged only the first requirement – the injury. The Supreme Court has stated that "[t]he actual or threatened injury required by Art. III may exist solely by virtue of 'statutes creating legal rights, the invasion of which creates standing. . . .'"[22] Invasion of such statutorily created rights creates standing, even if no injury would have existed without the statute.[23]

The Plaintiff here alleges a violation of the VPPA, which expressly grants a right to relief. Specifically, the VPPA states: "Any person aggrieved by any act of a person in violation of this section may bring a civil action in a United States district court."[24] Congress's use of the word "aggrieved" indicates its intent to allow for broad standing.[25] Here, therefore, because the Plaintiff is alleging a violation of the VPPA,

---

[21]    Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).

[22]    Warth, 422 U.S. at 500.

[23]    Linda R.S. v. Richard D., 410 U.S. 614, 617 n.3 (1973).

[24]    18 U.S.C. § 2710(c)(1).

[25]    See Federal Election Comm'n v. Akins, 524 U.S. 11, 19 (1998) ("History associates the word 'aggrieved' with a congressional intent to cast the standing net broadly–beyond the common-law interests and substantive statutory rights upon which 'prudential' standing traditionally rested." (internal citations omitted)).

he alleges an injury. This Court will therefore consider whether the Plaintiff states a claim for a substantive violation of the VPPA.

### B. The VPPA Claim

#### 1. The Plaintiff is a "Subscriber" and Therefore a "Consumer"

The Defendant argues that the Plaintiff is not a "subscriber" to any of the Cartoon Network's services, so is therefore not a "consumer" under the VPPA and cannot state a claim for violation of the VPPA. The VPPA only applies if the plaintiff is a "consumer," which it defines as "any renter, purchaser, or subscriber of goods or services from a video tape service provider."[26] One other district court has held that where a plaintiff pleads more than simply visiting a website, that plaintiff is a subscriber to a service.[27] That court further held that "subscriber" does not include only paid customers.[28] Additionally, individuals do not have to log in or register to be considered subscribers.[29] Here, the Plaintiff is arguably a subscriber. He downloaded the CN App and used it to watch video clips.[30] His Android ID and viewing history

---

[26]     18 U.S.C. § 2710(a)(1).

[27]     <u>In re Hulu Privacy Litigation</u>, No. C 11-03764 LB, 2012 WL 3282960, at *8 (N.D. Cal. Aug. 10, 2012).

[28]     <u>Id.</u>

[29]     <u>Id.</u>

[30]     Amended Class Action Compl. ¶ 32.

were transmitted to Bango.[31] These facts suffice to qualify the Plaintiff as a "subscriber," and as such, a "consumer." Because the Plaintiff qualifies as a consumer under the VPPA, this Court must now consider whether the Android ID qualifies as personally identifiable information.

## 2. An Android ID is Not "Personally Identifiable Information"

The VPPA prohibits "video tape service providers" from knowingly disclosing "personally identifiable information" regarding their consumers.[32] At issue here is whether the Android ID that the Defendant disclosed to Bango qualifies as "personally identifiable information" under the statute. This Court finds that it does not.

"Personally identifiable information" under the VPPA "includes information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider."[33] Where a plaintiff does not allege the disclosure of personally identifiable information to a third party, that plaintiff's claim must be dismissed.[34] Several other district courts have examined what qualifies as personally identifiable information under the VPPA. They have held that "personally

---

[31]     Id. ¶ 35.

[32]     18 U.S.C. § 2710(b).

[33]     Id. § 2710(a)(3).

[34]     In re Nickelodeon Consumer Privacy Litigation, MDL No. 2443, 2014 WL 3012873, at *13 (D.N.J. July 2, 2014).

identifiable information" is that which, in its own right, without more, "link[s] an actual person to actual video materials."[35] What the VPPA requires is identifying both "the viewers and their video choices."[36]

"The emphasis is on disclosure, not comprehension by the receiving person."[37] At issue, therefore, is whether the information disclosed by the video tape service provider could identify specific people and their video viewing habits. For example, where an anonymous ID was disclosed to a third party but that third party had to take further steps to match that ID to a specific person, no VPPA violation occurred.[38] Additionally, the Tenth Circuit held (under the similar Cable Act) that disclosure of cable box codes, which could not identify consumers without the corresponding billing records, does not qualify as the disclosure of personally identifiable information.[39] On the other hand, disclosure of a Facebook ID, which can identify a

---

[35]     Id. at *10.

[36]     In re Hulu Privacy Litigation, No. C 11-03764 LB, 2014 WL 1724344, at *12 (N.D. Cal. Apr. 28, 2014).

[37]     Id. at *14.

[38]     See id. at *15-16 (noting that where comScore had "to tie information together in non-obvious ways," there was no violation).

[39]     Pruitt v. Comcast Cable Holdings, LLC, 100 Fed. App'x 713, 716 (10th Cir. 2004).

specific person without any additional steps, does qualify as personally identifiable information.[40]

The Plaintiff claims that the Defendant disclosed his Android ID and the titles of the videos he watched to non-party Bango.[41] The Android ID is a randomly generated number that is unique to each user and device.[42] It is not, however, akin to a name. Without more, an Android ID does not identify a specific person. As the Plaintiff admits, to connect Android IDs with names, Bango had to use information "collected from a variety of other sources."[43] Like the disclosure in In re Hulu that did not violate the VPPA because the third party had to take extra steps to connect the disclosure to an identity, the disclosure by the Defendant here required Bango to collect information from other sources. From the information disclosed by the Defendant alone, Bango could not identify the Plaintiff or any other members of the putative class. The Android ID, without more, is not personally identifiable

---

[40]     In re Hulu, 2014 WL 1724344, at *14.

[41]     Amended Class Action Compl. ¶ 35.

[42]     Id. ¶¶ 12 n.4, 16, 17. Although the Defendant questions whether Android IDs change with each user, this Court takes the Plaintiff's allegations as true for the purposes of a motion to dismiss.

[43]     Id. ¶ 25.

information. Because the Plaintiff has not alleged the disclosure of personally identifiable information, he fails to state a claim under the VPPA.

Typically, upon granting a motion to dismiss, this Court would allow the plaintiff to amend its complaint in order to allege facts sufficient to survive the motion. The Plaintiff here, however, has already amended his complaint once. Any additional amendments would be futile because this Court finds that the disclosure of an Android ID alone, as happened here, does not qualify as personally identifiable information under the VPPA.

## IV. Conclusion

For the reasons stated above, the Defendant's Motion to Dismiss Plaintiff's Class Action Complaint [Doc. 20] is DENIED as moot. The Defendant's Motion to Dismiss Plaintiff's Amended Class Action Complaint [Doc. 26] is GRANTED.

SO ORDERED, this 8 day of October, 2014.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge