4months,APPEAL,CLASS,CLOSED

# U.S. District Court
# Northern District of Georgia (Atlanta)
# CIVIL DOCKET FOR CASE #: 1:14−cv−00484−TWT
## *Internal Use Only*

Ellis v. The Cartoon Network, Inc.
Assigned to: Judge Thomas W. Thrash, Jr
Cause: 28:1331 Fed. Question: Personal Injury

Date Filed: 02/19/2014
Date Terminated: 10/08/2014
Jury Demand: Plaintiff
Nature of Suit: 360 P.I.: Other
Jurisdiction: Federal Question

**Plaintiff**

**Mark Ellis**
*individually and on behalf of all others
similarly situated*

represented by **Benjamin H. Richman**
Edelson P.C.
350 North LaSalle Drive
Chicago, IL 60654
312−598−6370
Email: brichman@edelson.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**James Dominick Larry**
Edelson P.C.
350 North LaSalle Drive
Chicago, IL 60654
312−589−6370
Email: nlarry@edelson.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jennifer Auer Jordan**
The Jordan Firm, LLC
Suite 880
1447 Peachtree Street, N.E.
Atlanta, GA 30309
404−873−4720
Fax: 404−872−3745
Email: jennifer@thejordanfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Rafey S. Balabanian**
Edelson P.C.
350 North LaSalle Drive
Chicago, IL 60654
312−598−6370
Email: rbalabanian@edelson.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

| | | |
|---|---|---|
| **The Cartoon Network, Inc.**<br>*a Delaware corporation* | represented by | **Jeffrey G. Landis**<br>Kirkland &Ellis−DC<br>655 Fifteenth Street, N.W.<br>Suite 1200<br>Washington, DC 20005<br>202−879−5984<br>Fax: 202−879−5200<br>Email: jeff@zwillgen.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Jonathan S. Frankel**
ZwillGen PLLC
1900 M Street, NW
Washington, DC 20036
202−296−3585
Email: jon@zwillgen.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marc J. Zwillinger**
ZwillGen PLLC
1900 M Street, NW
Washington, DC 20036
202−296−3585
Email: marc@zwillgen.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Alan Bakowski**
Troutman Sanders, LLP−ATL
Bank of America Plaza, Suite 5200
600 Peachtree Street, N.E.
Atlanta, GA 30308
404−885−2578
Email: alan.bakowski@troutmansanders.com
*ATTORNEY TO BE NOTICED*

**James Andrew Lamberth**
Troutman Sanders, LLP−ATL
Bank of America Plaza, Suite 5200
600 Peachtree Street, N.E.
Atlanta, GA 30308
404−885−3000

Email: james.lamberth@troutmansanders.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 02/19/2014 | 1 | | CLASS ACTION COMPLAINT with Jury Demand filed by Mark Ellis. (Filing fee $400, receipt number 113E−5031551). (Attachments: # 1 Civil Cover Sheet) (dfb) Please visit our website at http://www.gand.uscourts.gov/forms to obtain Pretrial Instructions which includes the Consent To Proceed Before U.S. Magistrate form. (Entered: 02/20/2014) |
| 02/19/2014 | 2 | | Electronic Summons Issued as to The Cartoon Network, Inc. (dfb) (Entered: 02/20/2014) |
| 02/24/2014 | 3 | | APPLICATION for Admission of Rafey Balabanian Pro Hac Vice (Application fee $ 150, receipt number 113E−5039777)by Mark Ellis. (Jordan, Jennifer) (Entered: 02/24/2014) |
| 02/24/2014 | 4 | | APPLICATION for Admission of Benjamin H. Richman Pro Hac Vice (Application fee $ 150, receipt number 113E−5039879)by Mark Ellis. (Jordan, Jennifer) (Entered: 02/24/2014) |
| 02/28/2014 | | | APPROVAL by Clerks Office re: 3 APPLICATION for Admission of Rafey Balabanian Pro Hac Vice (Application fee $ 150, receipt number 113E−5039777). Attorney Rafey S. Balabanian added appearing on behalf of Mark Ellis (pb) (Entered: 02/28/2014) |
| 02/28/2014 | | | APPROVAL by Clerks Office re: 4 APPLICATION for Admission of Benjamin H. Richman Pro Hac Vice (Application fee $ 150, receipt number 113E−5039879). Attorney Benjamin H. Richman added appearing on behalf of Mark Ellis (pb) (Entered: 02/28/2014) |
| 03/03/2014 | 5 | | ORDER granting 3 Application for Admission Pro Hac Vice Rafey Balabanian. Signed by Judge Thomas W. Thrash, Jr on 3/3/14. (dr) (Entered: 03/03/2014) |
| 03/03/2014 | 6 | | ORDER granting 4 Application for Admission Pro Hac Vice for Benjamin Richman. Signed by Judge Thomas W. Thrash, Jr on 3/3/14. (dr) (Entered: 03/03/2014) |
| 03/07/2014 | 7 | | Consent MOTION for Extension of Time to File Answer re 1 Complaint, by The Cartoon Network, Inc., Mark Ellis. (Attachments: # 1 Text of Proposed Order)(Lamberth, James) Modified filers on 3/10/2014 (dr). (Entered: 03/07/2014) |
| 03/07/2014 | 8 | | Certificate of Interested Persons and Corporate Disclosure Statement by The Cartoon Network, Inc. identifying Corporate Parent Time Warner Inc., Corporate Parent Turner Entertainment Networks, Inc., Corporate Parent Historic TW Inc., Corporate Parent TEN Network Holding, Inc., Corporate Parent Turner Broadcasting System, Inc. for The Cartoon Network, Inc.. (Bakowski, Alan) (Entered: 03/07/2014) |
| 03/10/2014 | 9 | | NOTICE of Appearance by Alan Bakowski on behalf of The Cartoon Network, Inc. (Bakowski, Alan) (Entered: 03/10/2014) |

| 03/12/2014 | 10 | | ORDER granting 7 Motion for Extension of Time to Answer re 1 Complaint,, The Cartoon Network, Inc. Answer due 4/25/2014. Signed by Judge Thomas W. Thrash, Jr on 3/11/2014. (ss) Modified on 3/19/2014 (ss)to show correct date answer due. (Entered: 03/12/2014) |
|---|---|---|---|
| 03/13/2014 | | | Clerks Notation re 8 Certificate of Interested Persons, OK, per TWT. (ss) (Entered: 03/13/2014) |
| 03/13/2014 | 11 | | APPLICATION for Admission of James Dominick Larry Pro Hac Vice (Application fee $ 150, receipt number 113E−5072177)by Mark Ellis. (Jordan, Jennifer) (Entered: 03/13/2014) |
| 03/18/2014 | 12 | | Return of Service Executed by Mark Ellis. The Cartoon Network, Inc. served on 2/26/2014, answer due 4/24/2014. (Jordan, Jennifer) (Entered: 03/18/2014) |
| 03/19/2014 | | | APPROVAL by Clerks Office re: 11 APPLICATION for Admission of James Dominick Larry Pro Hac Vice (Application fee $ 150, receipt number 113E−5072177). Attorney James Dominick Larry added appearing on behalf of Mark Ellis (pb) (Entered: 03/19/2014) |
| 03/20/2014 | 13 | | ORDER granting 11 Application for Admission Pro Hac Vice James Dominick Larry for Mark Ellis. Signed by Judge Thomas W. Thrash, Jr. on 3/20/2014. (bdb) (Entered: 03/20/2014) |
| 03/20/2014 | | | Clerks Certificate of Mailing as to Mark Ellis re 13 Order on Application for Admission PHV to James Dominick Larry with Notice of Requirement. (bdb) (Entered: 03/20/2014) |
| 04/09/2014 | 14 | | APPLICATION for Admission of Marc Zwillinger Pro Hac Vice (Application fee $ 150, receipt number 113E−5123744)by The Cartoon Network, Inc.. (Lamberth, James) (Entered: 04/09/2014) |
| 04/09/2014 | 15 | | APPLICATION for Admission of Jeffrey Landis Pro Hac Vice (Application fee $ 150, receipt number 113E−5123770)by The Cartoon Network, Inc.. (Lamberth, James) (Entered: 04/09/2014) |
| 04/09/2014 | 16 | | APPLICATION for Admission of Jonathan S. Frankel Pro Hac Vice (Application fee $ 150, receipt number 113E−5123780)by The Cartoon Network, Inc.. (Lamberth, James) (Entered: 04/09/2014) |
| 04/16/2014 | | | APPROVAL by Clerks Office re: 14 APPLICATION for Admission of Marc Zwillinger Pro Hac Vice (Application fee $ 150, receipt number 113E−5123744). Attorney Marc J. Zwillinger added appearing on behalf of The Cartoon Network, Inc. (pb) (Entered: 04/16/2014) |
| 04/16/2014 | | | APPROVAL by Clerks Office re: 15 APPLICATION for Admission of Jeffrey Landis Pro Hac Vice (Application fee $ 150, receipt number 113E−5123770). Attorney Jeffrey G. Landis added appearing on behalf of The Cartoon Network, Inc. (pb) (Entered: 04/16/2014) |
| 04/16/2014 | | | APPROVAL by Clerks Office re: 16 APPLICATION for Admission of Jonathan S. Frankel Pro Hac Vice (Application fee $ 150, receipt number 113E−5123780). Attorney Jonathan S. Frankel added appearing on behalf of The Cartoon Network, Inc. (pb) (Entered: 04/16/2014) |
| 04/18/2014 | 17 | | ORDER granting 16 Application for Admission Pro Hac Vice for Jonathan |

| | | |
|---|---|---|
| | | Frankel. Signed by Judge Thomas W. Thrash, Jr on 4/18/14. (dr) (Entered: 04/18/2014) |
| 04/18/2014 | 18 | ORDER granting 15 Application for Admission Pro Hac Vice for Jeffrey Landis. Signed by Judge Thomas W. Thrash, Jr on 4/18/14. (dr) (Entered: 04/18/2014) |
| 04/18/2014 | 19 | ORDER granting 14 Application for Admission Pro Hac Vice for Marc Zwillinger. Signed by Judge Thomas W. Thrash, Jr on 4/18/14. (dr) (Entered: 04/18/2014) |
| 04/25/2014 | 20 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM with Brief In Support by The Cartoon Network, Inc.. (Attachments: # 1 Brief in Support of Motion to Dismiss)(Lamberth, James) (Entered: 04/25/2014) |
| 05/05/2014 | 21 | Consent MOTION for Extension of Time to File Response and Reply to Motion to Dismiss re: 20 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM with Brief In Support by Mark Ellis. (Attachments: # 1 Text of Proposed Order)(Larry, James) (Entered: 05/05/2014) |
| 05/06/2014 | 22 | ORDER granting 21 Motion for Extension of Time through 5/16/2014 for plaintiff to file response and defendant have through 6/6/2014 to file reply re 20 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM . Signed by Judge Thomas W. Thrash, Jr on 5/6/2014. (ss) (Entered: 05/06/2014) |
| 05/16/2014 | 23 | AMENDED COMPLAINT against The Cartoon Network, Inc.with Jury Demand, filed by Mark Ellis.(Larry, James) Please visit our website at http://www.gand.uscourts.gov/forms to obtain Pretrial Instructions which includes the Consent To Proceed Before U.S. Magistrate form. (Entered: 05/16/2014) |
| 05/27/2014 | 24 | Consent MOTION for Extension of Time Respond to Amended Complaint and File Joint Preliminary Report and Discovery Plan re: 23 Amended Complaint, by Mark Ellis, The Cartoon Network, Inc.. (Attachments: # 1 Text of Proposed Order)(Lamberth, James) (Entered: 05/27/2014) |
| 05/28/2014 | 25 | ORDER granting 24 Motion for Extension of Time through 6/6/2014 to Respond to Amended Complaint and through 6/13/2014 to File Joint Preliminary Report and Discovery Plan re: 23 Amended Complaint.. Signed by Judge Thomas W. Thrash, Jr on 5/28/2014. (ss) (Entered: 05/28/2014) |
| 06/06/2014 | 26 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM with Brief In Support by The Cartoon Network, Inc.. (Attachments: # 1 Brief, # 2 Exhibit Declaration of James A. Lamberth)(Lamberth, James) (Entered: 06/06/2014) |
| 06/12/2014 | 27 | STATEMENT *Pursuant to L.R. 23.1(C)(2) (Jointly Filed)* by Mark Ellis. (Larry, James) (Entered: 06/12/2014) |
| 06/13/2014 | 28 | Consent MOTION for Extension of Time to File Joint Preliminary Report and Discovery Plan by Mark Ellis, The Cartoon Network, Inc.. (Attachments: # 1 Text of Proposed Order)(Lamberth, James) (Entered: 06/13/2014) |
| 06/16/2014 | 29 | CONSENT ORDER granting 28 Motion for Extension of Time THROUGH 6/18/2014 to File Joint Preliminary Report and Discovery Plan. Signed by Judge Thomas W. Thrash, Jr on 6/16/2014. (ss) (Entered: 06/16/2014) |

| 06/18/2014 | 30 | | JOINT PRELIMINARY REPORT AND DISCOVERY PLAN filed by Mark Ellis, The Cartoon Network, Inc.. (Lamberth, James) (Entered: 06/18/2014) |
|---|---|---|---|
| 06/26/2014 | | | Submission of 26 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , submitted to District Judge Thomas W. Thrash. (dr) (Entered: 06/26/2014) |
| 06/27/2014 | 31 | | Consent MOTION for Leave to File Excess Pages *for Response and Reply to Motion to Dismiss* with Brief In Support by Mark Ellis, The Cartoon Network, Inc. (Attachments: # 1 Exhibit A − Plaintiff's Response in Opposition to Defendant's Motion to Dismiss, # 2 Text of Proposed Order)(Larry, James) Modified filers on 6/30/2014 (dr). (Entered: 06/27/2014) |
| 07/09/2014 | 32 | | ORDER granting 31 Motion for Leave to File Excess Pages. Signed by Judge Thomas W. Thrash, Jr on 7/8/2014. (ss) (Entered: 07/09/2014) |
| 07/09/2014 | 33 | | RESPONSE in Opposition re 26 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Mark Ellis. (Larry, James) (Entered: 07/09/2014) |
| 07/18/2014 | 34 | | REPLY BRIEF in Support of 26 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *re: Plaintiff's Amended Class Action Complaint* filed by The Cartoon Network, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Landis, Jeffrey) Modified event/text on 7/21/2014 (dr). (Entered: 07/18/2014) |
| 07/23/2014 | | | Submission of 20 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , submitted to District Judge Thomas W. Thrash. (dr) (Entered: 07/23/2014) |
| 10/08/2014 | 35 | 7 | ORDER denying as moot 20 Motion to Dismiss for Failure to State a Claim; granting 26 Motion to Dismiss plaintiff's amended class action complaint for Failure to State a Claim. Signed by Judge Thomas W. Thrash, Jr. on 10/8/14. (jpa) (Entered: 10/08/2014) |
| 10/08/2014 | 36 | 17 | CLERK'S JUDGMENT in favor of defendant against plaintiffs (jpa)−−Please refer to http://www.ca11.uscourts.gov to obtain an appeals jurisdiction checklist−− (Entered: 10/08/2014) |
| 10/08/2014 | | | Civil Case Terminated. (jpa) (Entered: 10/08/2014) |
| 11/05/2014 | 37 | 18 | NOTICE OF APPEAL as to 35 Order on Motion to Dismiss for Failure to State a Claim, 36 Clerk's Judgment by Mark Ellis. Filing fee $ 505, receipt number 113E−5485459. Transcript Order Form due on 11/19/2014 (Larry, James) (Entered: 11/05/2014) |
| 11/06/2014 | 38 | 21 | NOTICE Of Filing Appeal Transmission Letter by Mark Ellis re: 37 Notice of Appeal. (kac) (Entered: 11/06/2014) |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARK ELLIS
individually and on behalf of all others
similarly situated,

    Plaintiff,

      v.

THE CARTOON NETWORK, INC.
a Delaware corporation,

    Defendant.

CIVIL ACTION FILE
NO. 1:14-CV-484-TWT

## OPINION AND ORDER

This case arises under the Video Privacy Protection Act ("VPPA"). It is before
the Court on the Defendant's Motions to Dismiss [Docs. 20, 26]. For the reasons
stated below, the Defendant's Motion to Dismiss Plaintiff's Class Action Complaint
[Doc. 20] is DENIED as moot. The Defendant's Motion to Dismiss Plaintiff's
Amended Class Action Complaint [Doc. 26] is GRANTED.

### I. Background

The Defendant The Cartoon Network, Inc., is a Delaware corporation, with its
principal place of business in Atlanta, Georgia.[1] It produces mostly animated

---

[1]    Amended Class Action Compl. ¶ 6.

television programs.[2] It also offers video content to consumers through its mobile

software application, the Cartoon Network App (the "CN App").[3] The CN App runs

on mobile devices, including smartphones with Android operating systems.[4] To use

the CN App, users must visit the Google Play Store, download the CN App, and then

install it.[5]

The Plaintiff Mark Ellis is a North Carolina citizen.[6] In early 2013, Ellis

downloaded the CN App and began using it to watch video clips on his Android

device.[7] Ellis never consented to have any information released to third parties.[8] Non-

party Bango is a data analytics company based in the United Kingdom.[9] Bango

specializes in tracking individual user behaviors across websites and mobile

applications.[10]

---

[2]    Id. ¶ 1.

[3]    Id.

[4]    Id.

[5]    Id. ¶ 10.

[6]    Id. ¶ 5.

[7]    Id. ¶ 32.

[8]    Id. ¶ 33.

[9]    Id. ¶ 12 n.3.

[10]   Id.

Each time a consumer, like the Plaintiff, accesses the CN App, a complete record of the user's video history, along with the user's Android ID, is transmitted to Bango.[11] Bango additionally collects a wide variety of information about consumers from other sources.[12] Once Bango received the Android IDs through the CN App, it was able to reverse engineer the consumers' identities using the information previously collected from other sources.[13] The Plaintiff now brings this putative class action on behalf of himself and others whose Android IDs were disclosed to Bango.[14] He alleges that the Android IDs constitute personally identifiable information under the VPPA. He alleges that disclosure of his Android ID was a violation of that statute entitling him and the putative class to an injunction and monetary compensation.

## II. Legal Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief.[15] A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that

---

[11]    Id. ¶¶ 12, 35.

[12]    Id. ¶ 24.

[13]    Id. ¶ 25.

[14]    Id. ¶ 36.

[15]    Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); FED. R. CIV. P. 12(b)(6).

a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely."[16] In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff.[17] Generally, notice pleading is all that is required for a valid complaint.[18] Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.[19]

### III. Discussion

### A. Standing

The Defendant asserts that the Plaintiff has not suffered an injury in fact and therefore lacks standing to sue. Standing is the threshold question in every federal case.[20] It requires the plaintiff to show an injury, that the injury was caused by the

---

[16]     Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007).

[17]     See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry & Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination").

[18]     See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986).

[19]     See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 550 U.S. at 555).

[20]     Warth v. Seldin, 422 U.S. 490, 498 (1975).

defendant's conduct, and that a favorable decision from the court will be likely to redress the injury.[21] Here, the Defendant has challenged only the first requirement – the injury. The Supreme Court has stated that "[t]he actual or threatened injury required by Art. III may exist solely by virtue of 'statutes creating legal rights, the invasion of which creates standing. . . .'"[22] Invasion of such statutorily created rights creates standing, even if no injury would have existed without the statute.[23]

The Plaintiff here alleges a violation of the VPPA, which expressly grants a right to relief. Specifically, the VPPA states: "Any person aggrieved by any act of a person in violation of this section may bring a civil action in a United States district court."[24] Congress's use of the word "aggrieved" indicates its intent to allow for broad standing.[25] Here, therefore, because the Plaintiff is alleging a violation of the VPPA,

---

[21]     Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).

[22]     Warth, 422 U.S. at 500.

[23]     Linda R.S. v. Richard D., 410 U.S. 614, 617 n.3 (1973).

[24]     18 U.S.C. § 2710(c)(1).

[25]      See Federal Election Comm'n v. Akins, 524 U.S. 11, 19 (1998) ("History associates the word 'aggrieved' with a congressional intent to cast the standing net broadly–beyond the common-law interests and substantive statutory rights upon which 'prudential' standing traditionally rested." (internal citations omitted)).

he alleges an injury. This Court will therefore consider whether the Plaintiff states a claim for a substantive violation of the VPPA.

### B. The VPPA Claim

#### 1. The Plaintiff is a "Subscriber" and Therefore a "Consumer"

The Defendant argues that the Plaintiff is not a "subscriber" to any of the Cartoon Network's services, so is therefore not a "consumer" under the VPPA and cannot state a claim for violation of the VPPA. The VPPA only applies if the plaintiff is a "consumer," which it defines as "any renter, purchaser, or subscriber of goods or services from a video tape service provider."[26] One other district court has held that where a plaintiff pleads more than simply visiting a website, that plaintiff is a subscriber to a service.[27] That court further held that "subscriber" does not include only paid customers.[28] Additionally, individuals do not have to log in or register to be considered subscribers.[29] Here, the Plaintiff is arguably a subscriber. He downloaded the CN App and used it to watch video clips.[30] His Android ID and viewing history

---

[26]     18 U.S.C. § 2710(a)(1).

[27]     <u>In re Hulu Privacy Litigation</u>, No. C 11-03764 LB, 2012 WL 3282960, at *8 (N.D. Cal. Aug. 10, 2012).

[28]     <u>Id.</u>

[29]     <u>Id.</u>

[30]     Amended Class Action Compl. ¶ 32.

were transmitted to Bango.[31] These facts suffice to qualify the Plaintiff as a "subscriber," and as such, a "consumer." Because the Plaintiff qualifies as a consumer under the VPPA, this Court must now consider whether the Android ID qualifies as personally identifiable information.

### 2. An Android ID is Not "Personally Identifiable Information"

The VPPA prohibits "video tape service providers" from knowingly disclosing "personally identifiable information" regarding their consumers.[32] At issue here is whether the Android ID that the Defendant disclosed to Bango qualifies as "personally identifiable information" under the statute. This Court finds that it does not.

"Personally identifiable information" under the VPPA "includes information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider."[33] Where a plaintiff does not allege the disclosure of personally identifiable information to a third party, that plaintiff's claim must be dismissed.[34] Several other district courts have examined what qualifies as personally identifiable information under the VPPA. They have held that "personally

---

[31]    Id. ¶ 35.

[32]    18 U.S.C. § 2710(b).

[33]    Id. § 2710(a)(3).

[34]    In re Nickelodeon Consumer Privacy Litigation, MDL No. 2443, 2014 WL 3012873, at *13 (D.N.J. July 2, 2014).

identifiable information" is that which, in its own right, without more, "link[s] an actual person to actual video materials."[35] What the VPPA requires is identifying both "the viewers and their video choices."[36]

"The emphasis is on disclosure, not comprehension by the receiving person."[37] At issue, therefore, is whether the information disclosed by the video tape service provider could identify specific people and their video viewing habits. For example, where an anonymous ID was disclosed to a third party but that third party had to take further steps to match that ID to a specific person, no VPPA violation occurred.[38] Additionally, the Tenth Circuit held (under the similar Cable Act) that disclosure of cable box codes, which could not identify consumers without the corresponding billing records, does not qualify as the disclosure of personally identifiable information.[39] On the other hand, disclosure of a Facebook ID, which can identify a

---

[35]     Id. at *10.

[36]     In re Hulu Privacy Litigation, No. C 11-03764 LB, 2014 WL 1724344, at *12 (N.D. Cal. Apr. 28, 2014).

[37]     Id. at *14.

[38]     See id. at *15-16 (noting that where comScore had "to tie information together in non-obvious ways," there was no violation).

[39]     Pruitt v. Comcast Cable Holdings, LLC, 100 Fed. App'x 713, 716 (10th Cir. 2004).

specific person without any additional steps, does qualify as personally identifiable information.[40]

The Plaintiff claims that the Defendant disclosed his Android ID and the titles of the videos he watched to non-party Bango.[41] The Android ID is a randomly generated number that is unique to each user and device.[42] It is not, however, akin to a name. Without more, an Android ID does not identify a specific person. As the Plaintiff admits, to connect Android IDs with names, Bango had to use information "collected from a variety of other sources."[43] Like the disclosure in In re Hulu that did not violate the VPPA because the third party had to take extra steps to connect the disclosure to an identity, the disclosure by the Defendant here required Bango to collect information from other sources. From the information disclosed by the Defendant alone, Bango could not identify the Plaintiff or any other members of the putative class. The Android ID, without more, is not personally identifiable

---

[40]    In re Hulu, 2014 WL 1724344, at *14.

[41]    Amended Class Action Compl. ¶ 35.

[42]    Id. ¶¶ 12 n.4, 16, 17. Although the Defendant questions whether Android IDs change with each user, this Court takes the Plaintiff's allegations as true for the purposes of a motion to dismiss.

[43]    Id. ¶ 25.

information. Because the Plaintiff has not alleged the disclosure of personally identifiable information, he fails to state a claim under the VPPA.

Typically, upon granting a motion to dismiss, this Court would allow the plaintiff to amend its complaint in order to allege facts sufficient to survive the motion. The Plaintiff here, however, has already amended his complaint once. Any additional amendments would be futile because this Court finds that the disclosure of an Android ID alone, as happened here, does not qualify as personally identifiable information under the VPPA.

### IV. Conclusion

For the reasons stated above, the Defendant's Motion to Dismiss Plaintiff's Class Action Complaint [Doc. 20] is DENIED as moot. The Defendant's Motion to Dismiss Plaintiff's Amended Class Action Complaint [Doc. 26] is GRANTED.

SO ORDERED, this 8 day of October, 2014.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| MARK ELLIS<br>individually and on behalf of all others<br>similarly situated,<br>Plaintiff, | | CIVIL ACTION FILE |
| vs. | | NO. 1:14-cv-484-TWT |
| THE CARTOON NETWORK, INC.<br>A Delaware corporation<br>Defendant. | | |

## J U D G M E N T

This action having come before the court, Honorable Thomas W. Thrash, Jr., United

States District Judge, for consideration of the Defendant's Motion to Dismiss and the court

having granted said motion, it is

**Ordered and Adjudged** that the defendant recover it's cost of this action, and this

action be **DISMISSED**.

Dated at Atlanta, Georgia, this 8th day of October, 2014.

JAMES N. HATTEN
CLERK OF COURT

By:    S/Jill Ayers
Jill Ayers, Deputy Clerk

Prepared, Filed, and Entered
in the Clerk's Office
October 8, 2014
James N. Hatten
Clerk of Court

By:   S/Jill Ayers
        Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARK ELLIS, individually and on behalf of all others similarly situated, | Case No. 1:14-cv-00484-TWT |
| *Plaintiff*, | **NOTICE OF APPEAL** |
| *v*. | |
| THE CARTOON NETWORK, INC., a Delaware corporation, | |
| *Defendant*. | |

Notice is hereby given that Mark Ellis, Plaintiff in the above-named case, hereby appeals to the United States Court of Appeals for the Eleventh Circuit from an order granting Defendant's Motion to Dismiss Plaintiff's Amended Class Action Complaint (Dkt. 35), and from the Judgment of the United States District Court for the Northern District of Georgia in favor of Defendant (Dkt. 36), both of which were entered in this action on the 8th day of October, 2014.

Dated: November 5, 2014

s/ J. Dominick Larry
One of Plaintiff's Attorneys

Rafey S. Balabanian (*pro hac vice*)
rbalabanian@edelson.com
Benjamin H. Richman (*pro hac vice*)
brichman@edelson.com
J. Dominick Larry (*pro hac vice*)
nlarry@edelson.com

1

EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, IL 60654
Tel: 312.589.6370
Fax: 312.589.6378

Jennifer Auer Jordan
Georgia Bar No. 027857
jennifer@thejordanfirm.com
THE JORDAN FIRM, LLC
1447 Peachtree Street, N.E., Suite 880
Atlanta, GA 30309
Tel: 404.445.8400
Fax: 404.445.8477

*Counsel for Plaintiff and the Putative
Class*

2

## CERTIFICATE OF SERVICE

I, J. Dominick Larry, an attorney, hereby certify that on November 5, 2014, I electronically filed the above and foregoing *Notice of Appeal* with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

s/ J. Dominick Larry       

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF GEORGIA
### 2211 UNITED STATES COURTHOUSE
### 75 SPRING STREET, SW
### ATLANTA, GEORGIA 30303-3361

**JAMES N. HATTEN**
**DISTRICT COURT EXECUTIVE**
**AND CLERK OF COURT**

DOCKETING SECTION
404-215-1655

November 6, 2014

John Ley, Clerk of Court
U.S. Court of Appeals, Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia   30303

      **U.S.D.C. No.: 1:14-cv-0484-TWT**
      **U.S.C.A. No.: 00-00000-00**
      **In re:**       *Mark Ellis v. The Cartoon Network, Inc.*

      Enclosed are documents regarding an appeal in this matter.  Please acknowledge receipt on the enclosed copy of this letter.

   X   **Certified copies of the Notice of Appeal, Docket Sheet, Judgment and Order appealed enclosed.**

        This is not the first notice of appeal.  Other notices were filed on: .

   X   **There is no transcript.**

        The court reporter is .

        There is sealed material as described below: .

        Other: .

   X   **Fee paid on 11/5/14; Receipt Number 113E-5485459.**

        Appellant has been  leave to file *in forma pauperis*.

        This is a bankruptcy appeal.  The Bankruptcy Judge is .

        The Magistrate Judge is .

   X   **The United States District Judge is Thomas W. Thrash, Jr.**

        This is a **DEATH PENALTY** appeal.

                  Sincerely,

                  James N. Hatten
                  District Court Executive
                  and Clerk of Court

             By:    /s/ Kimberly Carter
                  Deputy Clerk

Enclosures